## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

INFORMED CONSENT ACTION NETWORK,
2025 Guadalupe Street, Suite 260
Austin, Texas 78705

                                       Plaintiff,

   -against-

FOOD AND DRUG ADMINISTRATION
10903 New Hampshire Ave
Silver Spring, MD 20993-0002

                                  Defendant.

Civil Action No. 1:23-cv-112

---

## COMPLAINT

      Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against Defendant Food and Drug Administration ("**FDA**" or "**Defendant**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

      1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

      2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

      3.     Plaintiff ICAN is a not-for-profit organization with an office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705.

      4.     Defendant FDA is an agency within the Executive Branch of the United States Government, organized within the U.S. Department of Health and Human Services. FDA is an

agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

### STATEMENT OF FACTS

**I.    Appeal File 22-000107AA/Request # 22-4857 (IR#0802O)**

5.      On June 30, 2022, Plaintiff sent a FOIA request to FDA, seeking copies of the following:

> **All "reports of possible concern based on the data mining results" the FDA shared with the CDC pursuant to section 2.5 of the VAERS Standard Operating Procedures for COVID-19. [*See* https://www.cdc.gov/vaccinesafety/pdf/VAERS-v2-SOP. pdf]**
>
> **Information helpful to fulfilling the request: The FDA's Center for Biologics Evaluation and Research is the likely custodian of responsive records.**

(**Exhibit 101** at 7.)

6.      On August 25, 2022, FDA issued a final response denying the entire request under 5 U.S.C. § 552(b)(5) ("**Exemption 5**").  (**Exhibit 101** at 15.)

7.      On August 29, 2022, Plaintiff appealed FDA's final response, challenging the adequacy of its search, and its improper use of Exemption 5 to withhold responsive records. (**Exhibit 101** at 1-5.)

8.      On August 30, 2022, FDA acknowledged the appeal, assigned it Appeal file 22-000107AA, and stated, in part, the following:

> **Pursuant to 5 U.S.C. § 552(a)(6)(B)(i) and 5 U.S.C. § 552(a)(6)(B)(iii) of the FOIA and 45 CFR 5.24(f) of the HHS FOIA regulations, your appeal falls under "unusual circumstances" in that our office will need to consult with another office that has substantial interest in the determination of the appeal. The actual processing time will depend on the complexity of the issues presented in the appeal.**

(**Exhibit 102**.)

9.    In violation of the time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and 5 U.S.C. § 552(a)(6)(B)(i), as of the date of this Complaint, FDA has failed to make a determination with respect to Plaintiff's appeal.

## II.   Appeal File 22-000126AA/ Request # 2022-4856 (IR#0802N)

10.    On June 30, 2022, Plaintiff also sent the following FOIA request to FDA, seeking access to the following:

> **All records related to Proportional Reporting Ratio (PRR) analyses performed "to identify AEs that are disproportionately reported relative to other AEs" pursuant to Sections 2.0, 2.3., and 2.3.1 of the VAERS Standard Operating Procedures for COVID-19. This should include, but not be limited to, all communications concerning PRR analyses including communications concerning any decision to not conduct PRR analyses.**
>
> **Information helpful to fulfilling the request: The FDA's Center for Biologics Evaluation and Research is the likely custodian of responsive records.**

(**Exhibit 103** at 7.)

11.    On August 17, 2022, FDA issued a final response, which stated in part:

> **Your request was received in the Center for Biologics Evaluation and Research on July 5, 2022.**
>
> **After a thorough and diligent investigation, a search of our records did not locate any documents responsive to your request.**

 (**Exhibit 103** at 13.)

12.    On October 14, 2022, Plaintiff appealed FDA's final response, challenging the adequacy of FDA's search. (**Exhibit 103** at 1-5.)

13.     On October 17, 2022, FDA acknowledged the appeal, assigned it Appeal file 22-000126AA, and stated, in part, the following:

> **Pursuant to 5 U.S.C. § 552(a)(6)(B)(i) and 5 U.S.C. § 552(a)(6)(B)(iii) of the FOIA and 45 CFR 5.24(f) of the HHS FOIA regulations, your appeal falls under "unusual circumstances" in that our office will need to consult with another office that has substantial interest in the determination of the appeal. The actual processing time will depend on the complexity of the issues presented in the appeal.**

(**Exhibit 104**.)

14.     In violation of the time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and 5 U.S.C. § 552(a)(6)(B)(i), as of the date of this Complaint, HHS has failed to make a determination with respect to Plaintiff's appeal.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

15.     Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16.     As to Appeal file 22-000107AA, Defendant was required to make a determination on Plaintiff's appeal no later than October 12, 2022.

17.     As to Appeal file 22-000126AA, Defendant was required to make a determination on Plaintiff's appeal no later than November 29, 2022.

18.     Defendant failed to make these determinations on Plaintiff's appeals within the time limits set forth by FOIA; therefore, Plaintiff is deemed to have exhausted its administrative remedies.  5 U.S.C. § 552(a)(6)(A)(ii); 5 U.S.C. § 552(a)(6)(B)(i) and 5 U.S.C. § 552(a)(6)(C)(i).

19.     Defendant is in violation of FOIA.

## COUNT II
## FAILURE TO ESTABLISH ADEQUACY OF SEARCH
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

20.      Plaintiff realleges paragraphs 1 through 19 as if fully stated herein.

21.      For Appeal files 22-000107AA and 22-000126AA, Defendant has failed to establish that it adequately searched for responsive records despite Plaintiff's challenge to same in Plaintiff's appeals.

22.      Defendant is in violation of FOIA.

## COUNT III
## IMPROPER REDACTIONS AND/OR WITHOLDING OF RECORDS
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

23.      Plaintiff realleges paragraphs 1 through 22 as if fully stated herein.

24.      For Appeal file 22-000107AA, Defendant has failed to establish the validity of its claimed exemptions despite Plaintiff challenging the same in Plaintiff's appeal.

25.      Defendant is in violation of FOIA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a.      Declare that Defendant's continued delay in processing Plaintiff's FOIA appeals is unlawful under FOIA;

b.      Declare that Defendant has failed to conduct an adequate search for responsive records as required by FOIA;

c.      Declare that Defendant improperly withheld responsive records under Exemption 5;

d.      Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests;

e.      Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under any claimed exemption;

f.      Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

g.      Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

h.      Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

i.      Grant Plaintiff such other relief as the Court deems just and proper.

Dated:   January 13, 2023                    SIRI & GLIMSTAD LLP

Aaron Siri, Bar No. 4321790
(*pro hac vice* to be filed)
Elizabeth A. Brehm, NY Bar No. 4660353
(*pro hac vice* to be filed)
Colin M. Farnsworth, DC Bar ID OR0022
745 Fifth Ave, Suite 500
New York, NY 10151
(212) 532-1091
aaron@sirillp.com
ebrehm@sirilp.com
cfarnsworth@sirillp.com

*Attorneys for Plaintiff*